Next case is United States v. Mahatha and Mr. Zellmer, we're going to hear from you. Thank you. May it please the court, Peter Zellmer representing the appellant Mr. Keith Mahatha. Your honors, in this case the Senate in court erred when it failed to consider the First Step Act motion brought by Mr. Mahatha because he was a member of that class of defendants that had already completed his initial term of imprisonment and was now bringing that motion in the context of a supervised release violation hearing. In this case, it is clearly controlled by state, sorry, United States v. Venable. United States v. Venable clearly established that the members of this class, of which Mr. Venable and Mr. Mahatha are unquestionably members, are eligible to bring these motions in spite of the fact they have already completed their term of initial imprisonment. I thought the court recognized that. Didn't the court say, there's no quarrel that I have the discretion to reduce the Senate's under the First Step Act? The court recognized that it has the authority to grant a First Step Act motion for Mr. Venable. Nevertheless, the court plainly stated that it wouldn't consider it. Venable doesn't just say the court said, if you were still in prison, these are really good arguments and I would have reduced your sentence, or I might have, but since you're already out and you'd have to just be banked time, I'm not going to consider doing that. Your Honor, that is exactly what the court said, and I think that shows that the court did not give consideration to this case. The sentencing court here said that even if you were in prison, I would have reduced your time to time served, but I wouldn't consider giving you a reduction that gives you bank, refers to as banked time, these over served time credits. That is the problem. The court will not consider granting a First Step Act motion. Mr. Zellmer though, didn't the court in effect consider it when it was discussing the different factors specific to Mr. Mahaffa, like the fact that just six months after he was released, he committed these crimes involving a gun. The court talked about other facts specific to him, so it seems to me that the record, even if you say that the judge wasn't crystal clear about his consideration of this motion, he in fact did consider it by going through the different aspects specific to the defendant. Your Honor, I would disagree. I would say that when we take a plain reading of what the court says here on JA 46, where it begins its explanation, the court initially begins by addressing the First Step Act motion, stating that it wouldn't consider doing that because all it does is give the bank time. They wouldn't consider that even if Mr. Mahaffa had meaning even if Mr. Mahaffa hadn't committed the subsequent offenses that Your Honor is referring to that the court later addresses in its explanation, that the court still wouldn't consider doing it. It's later in the court's explanation where the court addresses those factors. All of those go to the court's imposition of the supervised release violation, those 24 plus the extra 36 months of supervised release. All of the things that you were referring to, Your Honor, I think it is a plain reading of the district court's announcement of its judgment goes to that decision. How does your argument job with our earlier decision at Jackson? Your Honor, I think that it is in conformity. What needs to happen here is that the court must the argument consider all of the 3553A factors, that no single factor is required or more important than the other, and more specifically that this idea of banked time or what is more properly called overserved time credits, while it can be considered, it cannot be a litmus test about whether or not any First Step Act reduction is going to be given. And to this question about whether or not the court was making the decision about the First Step Act reduction based off of the idea of being a member of this class of defendants, this venerable class, the district court judge states earlier, while I was giving my initial presentation and argument, on Mr. Mahaffa's behalf, before the judge gets to pronouncing his decision, his one interjection is to ask, well, isn't he already out of prison? What's the effect of this going to be? It's just going to be to give him banked time. That is the beginning and the end of the court's decision about whether or not he will consider the motion. The court must consider the motion, which the court in this case refused to do. Your Honor, for those reasons, this is the precedence of the court of clear. The defendant is entitled to bring the motion. All members of the venerable class are. The court is required to consider the motion, required to consider all the 3553A factors and consider them individually. In this case, the court, in ruling on the FSA motion, did not do that. That failure to consider is a failure to exercise discretion. The failure to exercise discretion is abuse of discretion. There is a second issue in the case, which is possible to reoccur, and we would move that the proper remedy here is to remand for resentencing and reconsideration of the argument. That second issue would be if a court did, after full consideration of the FSA motion, again, decline to grant any reduction, would that be substantively reasonable? We argue that this is controlled by a reduction that doesn't. It's true that you just apply the changes of the Fair Sentencing Act to the defendant's guideline range. His 161-month sentence is still below the new guidelines range, the benchmark, as the Supreme Court calls it. So, yes, the benchmark, the two-step process that's laid out as a result of Concepcion, yes, that is true, the ultimate sentence that Mr. Mahaffa winds up receiving winds up being there in that 161. Mr. Mahaffa's original guidelines calculation was 262 to 327. The new benchmarks would be 151 to 188. But then, of course, one of the reasons... I thought the new benchmark was 188 to 235. I certainly will defer to Your Honor. My calculations were that he came down with offense level 29, category 6, on a benchmark calculation just for the FSA changes. But if I'm in error, I apologize. I thought the 161 was going to be both below his original guidelines range and below the new benchmark guidelines range. But one of the things that, of course, must be considered here is the thing that brought him down. Remember that this was a mandatory... this was a mandatory sentencing guideline case. The reason he was able to get below that, of course, was because of the 5K and the Rule 35, which are so well known that I am not shy about them. Those must be considered as well in a resentencing and should and must in a substantively reasonable resentencing, along with all of the other 3553A factors. And the court is welcome, should, and must consider all of those factors and how they play into them. But there's that... we can presume that it's reasonable given that it would be below or within the guidelines range. A sentence in the guideline range is presumptively reasonable, of course, that I would submit to the court that is not the end of the argument that all of the factors must be considered. And certainly, if this case was in a different posture and if the court had considered... if the sentencing court had considered all of that, we would be discussing that more in depth. But the simple fact is that, as is plain from a reading of the transcript, the court did not. The court did not consider the remedial purposes and aims of the First Step Act. It never mentions them or brings them up. And the court clearly states that it wouldn't consider a First Step Act in the first place for somebody who's in this venerable class, this group of people that have already completed their term initial imprisonment. In the United States v. Venerable, it says that the defendant is entitled to bring these cases and have them be considered in spite of the fact that the effect of a reduction would be to give overserved time credits. Mr. Mahath is in the venerable class. Members of the venerable class must be considered. They must have their motions considered. The court very plainly, and I take the sentencing judge at his word, wouldn't consider doing it because of the overserved time credits, because of the banked time. That failure to consider is error requiring reversal and remand. If there are no other questions, I will go ahead and yield, balance my time. All right, you do have some rebuttal time. Ms. Niemeyer. May it please the court, Julie Niemeyer for the United States. Section 404 of the First Step Act has a very important remedial purpose. But that purpose is not to give defendants like Mr. Mahath the right to game the system while on supervised release. It doesn't give him carte blanche to evade the consequences of avoiding the court's, of violating, excuse me, the court's trust. Section 404 is a discretionary statute. It's discretionary for this very reason, so that district courts can make the right decision based on the individual facts of each case. So what are the parameters of that discretion? I'd like to start by going back to the Supreme Court's recent case in Concepcion. It focused on the plain text of Section 404. And it emphasized that there is no duty to reduce any sentence pursuant to the First Step Act. There's two things that the district court must do. It must start by recalculating the correct guidelines range. And that guidelines range, as noted by Judge Rushing earlier, is the guidelines range only corrected for the Fair Sentencing Act. So in this case, that's reflected in the record at JA 98, which is the probation memo calculating the guidelines. And it shows the range under the 2011 revisions as 188 to 235 months. That is the benchmark guideline range for the district court to use in considering the motion. Then the second thing that the district court must do is to consider all of the non-frivolous arguments advanced by the parties, which may include, if raised by the parties, other legal and factual changes and developments. And then the court must adequately explain its reasoning. It must show that it reasoned through each of the parties' arguments. Now in this court, we have also established that the decision must not only be procedurally reasonable, which is outlined by the Supreme Court, but substantively reasonable as well. And that's described in the Collington case and affirmed again in Swain and in the recent Troy case. The court has to consider the defendant's arguments. It has to give individual consideration to the defendant's characteristics in light of each of the 3553A factors. Then it has to determine, following the Fair Sentencing Act's changes, whether that sentence remains appropriate, and then adequately explain that decision. The standard of substantive reasonableness was further defined by this court in the Swain decision, but the court has to look at the totality of circumstances. It has to ask itself, does this sentence satisfy the standards of 3553A? If there is any deviation from recalculated guideline range, which is the benchmark guideline range, the Fair Sentencing Act guideline range, then the court needs to consider the extent of that deviation. And it has to justify that deviation if it's made. And as Judge Rushing noted, there is a presumption of reasonableness according to a sentence that's within the The court considered Mr. Mahaffa's primary argument, which was to get credit on his previous sentence that he could then apply to his supervised release violation sentence, which the court was about to impose. That was Mr. Mahaffa's main argument for a reduction. The court clearly considered that argument and rejected it. The court had the discretion to consider the impact of the banked time that would be created by any reduction, since Mr. Mahaffa had already been released from prison. The court considered the probation memorandum, looked at new calculations, and then it explained why it was rejecting that argument. It said the defendant had completed his sentence and then violated his supervised release less than six months later by committing a new violent offense involving a firearm. Giving the defendant the banked time that would result from a reduction would completely eviscerate the effectiveness of supervised release. And the court also noted explicitly that it had a duty to consider the protection of the public. And the defendant's repeated possession of firearms showed that that was an extremely important factor. And then not only was the decision procedurally reasonable, as reflected by the record, but it was also substantively reasonable under the Swain Standard. As noted by Judge Rushing, his pleaded sentence of 161 months was below the benchmark guidelines range, as that range is defined by Concepcion. His adjusted guideline range is 188 to 235. His sentence is 161. So that sentence is presumed reasonable. And the defendant hasn't overcome that that justified that sentence. The protection of the public, deterrence while on supervision, respect for the law. And again, Mr. Mahaffa's disagreement with how the court weighed those factors doesn't mean that the court abused its discretion. There's no need to turn a blind eye to common sense here. Mr. Mahaffa violated supervised release with a new violent offense, and he was about to be sentenced on that revocation in this same hearing. The defendant's suggestion that this case implicates venable simply is not borne out by the record. The court clearly identified on the record that it considered it that had the discretion to consider this motion and that it was considering it, but that under the facts of this case, it simply was not justified. The court certainly didn't decline to consider the individual facts of this case. This same district court had sentenced Mr. Mahaffa back in 2006. The court clearly outlined the facts of this violation and the repeated possession of firearms and his record of violent offenses. The protection of the public and deterrence were exceedingly important factors in this case. So if the court has no further questions, the government asks for the judgment of the district court to be affirmed. Thank you. All right. Thank you very much, Ms. Lehmeyer. Mr. Zellmer, you've got some rebuttal time. Thank you, Your Honor. Your Honor, I think the primary issue I would take with the government's argument here is that the government argues here, as well as they did in their brief, that the district court has the power to consider the effect of overserved time credits. And while the sentencing court certainly may consider that, that is a factor to be considered. Amongst all, what the sentencing court can't do and what the sentencing court did in this case is refuse to consider an essay motion brought by a venerable class defendant. The record is plain. It is clear. Judge Tilley spoke quite plainly, and we should simply take him at his word when he says that because this motion would have the possible effect of giving overserved time credits, he wouldn't consider it. Those are his words. I wouldn't consider it. And it is plain from the beginning. So those are the facts that the court finds itself with, and that is the procedural error in this case. The court must consider the motion when brought by an eligible defendant. All venerable class defendants, in spite of the fact that the effect of reduction would give them banked time, are eligible for consideration, which the sentencing court quite plainly said it would not do. One thing I think I ought to point out, in the First Step Act, in Section 404, Congress did prohibit certain people from being able to bring motions. You can't bring a motion if you brought one before, for instance. You can't bring an FSA motion if you're sentenced under the Fair Sentencing Act. Congress knows how to say, we want to set a policy decision that certain people shouldn't be tested. The district court cannot create that litmus test on its own. It must give him consideration. The court, by its own terms, said they wouldn't consider it. That is the issue in the case. It's a very simple case. Venable says that these arguments must be considered. The district court says it wouldn't consider it, even if he had still been in prison, even if one of these other things that he did afterwards, this subsequent behavioral had occurred. The court says, I still wouldn't consider it. Why? Because I don't like banked time. You have to consider it. The court fails to. That is error. The proper remedy is remand. Thank you very much, Mr. Zellmer. Thank you, Your Honors. We note that you are court appointed, and the court wants to express its appreciation to you for undertaking representation. In this case, we would be unable to do our job if there weren't folks like you, so we appreciate you for doing that. We're going to come down and greet counsel and move on to our last case. Thank you, Your Honor.
judges: G. Steven Agee, Allison J. Rushing, Barbara Milano Keenan